[S.F. No. 24600. Nov. 14, 1983.]

In re JOSEPH B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH B., Defendant and Appellant.

COUNSEL

Carol E. Hawes, under appointment by the Supreme Court, Fischer & Hill and Dennis A. Fischer for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, As-

sistant Attorney General, Eddie T. Keller and Janice Rogers Brown, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BIRD, C. J.**—Must a minor who admits a juvenile court petition secure a certificate of probable cause (Pen. Code, § 1237.5) to obtain appellate review of any errors committed before or in the process?

### I.

In a petition filed in the Alameda County Juvenile Court on August 20, 1980, appellant was charged with a violation of Welfare and Institutions Code section 871[1] for failing to attend school. On September 3, 1980, four Vehicle Code violations were added, as well as one count of unlawfully resisting or obstructing an officer in the discharge of his duties (Pen. Code, § 148).

Shortly thereafter, appellant admitted two of the allegations and the others were dismissed. On September 19, 1980, he was released to his parents' custody and the case was transferred for disposition to San Joaquin County, where his parents reside. Neither the minor nor his parents appeared at a subsequently scheduled hearing in the case, and a bench warrant issued.

Thereafter, appellant was arrested on new charges, and another petition was filed in the San Joaquin Juvenile Court on December 4, 1980. Appellant was charged with public intoxication (Pen. Code, § 647, subd.(f)), driving on the wrong side of the road (Veh. Code, § 21650), driving without a license (Veh. Code, § 12500, subd. (a)), and robbery (Pen. Code, § 211). At a jurisdictional hearing on December 29, 1980, appellant admitted the public intoxication and license violations, and all the other counts were dismissed. At the dispositional hearing conducted on January 12, 1981, the court removed appellant from the custody of his parents. Appellant filed a timely notice of appeal.

On appeal, several contentions are raised, including alleged errors which occurred before or in the process of admitting the allegations of the peti-

---

[1]Section 871 provides: "Any person under the custody of a probation officer in a county juvenile hall, or committed to a county juvenile home, ranch, camp, or forestry camp, who escapes or attempts to escape from such county juvenile hall, home, ranch, camp, or forestry camp, is guilty of a misdemeanor."

All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

tions. This court must decide whether appellant must secure a certificate of probable cause before he may obtain appellate review of these contentions.

## II.

Penal Code section 1237.5 provides that "[n]o appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

By its terms, Penal Code section 1237.5 does not apply to minors. The statute refers to *defendants* who stand *convicted* upon a *guilty or nolo contendere plea.* Further, minors charged with violations of the Juvenile Court Law are not "defendants." They do not "plead guilty," but admit the allegations of a petition. Moreover, "adjudications of juvenile wrongdoing are not 'criminal convictions.'" (*Leroy T.* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 439 [115 Cal.Rptr. 761, 525 P.2d 665].) As section 203 states, "[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."[2]

Moreover, the *Legislature's* intent is clear and unambiguous. Section 800, which governs juvenile appeals, provides in part: "A judgment in a proceeding under Section 601 or 602 . . . may be appealed from in the same manner as any final judgment . . . . [¶] *All appeals shall be initiated by the filing of notice of appeal in conformity with the requirements of Section 1240.1 of the Penal Code.*" (Italics added.)

---

[2]In recent years there have been some legislative enactments which apply adult criminal procedures to juvenile proceedings. (See, e.g., § 681, subd. (a) [prosecuting attorney appears on behalf of the People in § 602 hearings]; § 202, subd. (a) [among the purposes of the Juvenile Court Law is the protection of the public "from criminal conduct by minors"]; see also *Breed* v. *Jones* (1975) 421 U.S. 519, 527-531 [44 L.Ed.2d 346, 354-356, 95 S.Ct. 1779]; *In re Gary W.* (1971) 5 Cal.3d 296, 309 [96 Cal.Rptr. 1, 486 P.2d 1201].) However, the courts have frequently noted the inappropriateness of using labels to determine what rights should or should not apply in juvenile proceedings. (*In re Gault* (1967) 387 U.S. 1, 16-30 [18 L.Ed.2d 527, 539-548, 87 S.Ct. 1428]; *In re Gladys R.* (1970) 1 Cal.3d 855, 865-866, fn. 21 [83 Cal.Rptr. 671, 464 P.2d 127].)

To argue that a certificate of probable cause should be required in juvenile proceedings because such proceedings are "quasi-criminal" or more "criminal" than "civil" in nature is to misinterpret the principles of these cases. This court has never used labels to place procedural roadblocks in the way of an otherwise clear route to the appellate courts.

As is evident from the language of section 800, the Legislature did not distinguish between juvenile appeals involving contested adjudications and those in which a minor admits the allegations of a petition. To perfect an appeal under that statute, only a notice of appeal need be filed. Furthermore, section 800 refers to Penal Code section 1240.1, which speaks of trial counsel's duty to aid appellants in noncapital criminal, juvenile court, or civil commitment cases by filing a *notice of appeal*.[3] There is no mention in that statute of a corresponding duty to file a certificate of probable cause. While it is clear from this court's decisions that such a duty exists when a certificate is otherwise required,[4] it is equally clear that Penal Code section 1240.1 does not itself impose such a requirement.

Furthermore, in 1978, when the italicized language quoted above was added to section 800 (Stats. 1978, ch. 1385, § 3, p. 4591), Penal Code section 1237.5 was in effect. Therefore, it can be assumed that if the Legislature desired to require a certificate of probable cause for juvenile appeals, it would not have added language calling merely for the filing of a notice of appeal in the only statute which applies to juvenile appeals. (*Estate of McDill* (1975) 14 Cal.3d 831, 837-839 [122 Cal.Rptr. 754, 537 P.2d 874].) The Legislature's failure to mention a certificate of probable cause requirement in section 800 evidences an intent that a notice of appeal is sufficient to initiate appellate review of any error arising during juvenile court proceedings.

The Attorney General suggests that a 1980 amendment to section 800 indicates a contrary intent. That amendment added language which provides that "[a] ruling on a motion to suppress [evidence] shall be reviewed on appeal even if the judgment is predicated upon an admission of the allegations of the petition . . . ." (Stats. 1980, ch. 1095, § 4, p. 3512.)

Invoking the maxim of statutory interpretation *expressio unius est exclusio alterius* (expression of one thing is the exclusion of another), the Attorney General argues that the Legislature's provision for a right to appeal from an order following a suppression motion where the minor has admitted the allegations of a juvenile court petition necessarily excludes any other right to appeal in similar circumstances.

---

[3] Penal Code section 1240.1, subdivision (a)(2) states in part: "It shall be the duty of every attorney representing an indigent defendant in any noncapital criminal, juvenile court, or civil commitment case to execute and file on his client's behalf a timely *notice of appeal* . . . ." (Italics added.)

[4] *In re Benoit* (1973) 10 Cal.3d 72, 80, footnote 9 [109 Cal.Rptr. 785, 514 P.2d 97]; *People* v. *Ribero* (1971) 4 Cal.3d 55, 62 [92 Cal.Rptr. 692, 480 P.2d 308]; see also *In re Chadwick C.* (1982) 137 Cal.App.3d 173, 180 [186 Cal.Rptr. 827]; *People* v. *Pinon* (1979) 96 Cal.App.3d 904, 908, footnote 4 [158 Cal.Rptr. 425].

■ Even assuming the maxim were applicable here, the phrase has "no magical incantation, nor does it refer to an immutable rule. Like all such guidelines, it has many exceptions . . . . More in point here . . . is the principle that such rules shall always ' "be subordinated to the primary rule that the intent shall prevail over the letter." ' " (*Estate of Banerjee* (1978) 21 Cal.3d 527, 539, fn. omitted [147 Cal.Rptr. 157, 580 P.2d 657].) Moreover, the maxim has no application "where no manifest reason exists why other persons or things than those enumerated should not be included and thus exclusion would result in injustice." (*Id.,* at p. 539, fn. 10.)

■ The Legislature's intent is clear: a notice of appeal is sufficient to perfect appellate review of alleged errors arising before or in the process of a minor's admission of allegations in a juvenile court petition. Had the Legislature intended minors to be bound by the certificate of probable cause requirement, it would have said so in section 800. "Hence, there is no occasion to resort to the foregoing, or any other, Latin maxim in arriving at our decision." (*Estate of Banerjee, supra,* 21 Cal.3d at p. 540.)

Further, the maxim is of questionable applicability here. The intent of the 1980 amendment appears to have been to conform appellate review of juvenile suppression hearings to the adult procedure set forth in Penal Code section 1538.5, subdivision (m).[5] Contrary to the Attorney General's suggestion, the amendment did not create a new right of appeal in juvenile cases. Rather, it cleared up confusion as to whether Penal Code section 1538.5, with its attendant guarantee of an appeal following a guilty plea, applies to juvenile proceedings.

Prior to 1980, at least two Courts of Appeal assumed the propriety of applying Penal Code section 1538.5 to juvenile court cases. (*In re Richard C.* (1979) 89 Cal.App.3d 477 [152 Cal.Rptr. 787]; *In re Donald L.* (1978) 81 Cal.App.3d 770 [146 Cal.Rptr. 720].) On the other hand, the Court of Appeal in *In re David G.* (1979) 93 Cal.App.3d 247 [155 Cal.Rptr. 500], held that statute inapplicable to such cases. It concluded that equal protection was not violated by prohibiting appellate review of an unsuccessful suppression motion where a minor had admitted the allegations of a juvenile court petition. The *David G.* court was careful to avoid the suggestion "that the minor should not be given this right," but stated that "[t]his is a matter for legislative determination." (*Id.,* at p. 254, fn. 3.) The court also noted that the absence of such a procedure "may well have been an oversight and, if so, it should be corrected promptly by the Legislature." (*Ibid.*) The Leg-

[5]Penal Code section 1538.5, subdivision (m) provides in relevant part: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty."

islature "corrected" the "oversight" in the 1980 amendment. Thus, there is no merit to the Attorney General's argument that the 1980 amendment by implication limited a minor's right to appeal in uncontested matters to rulings on suppression motions.

In spite of the fact that section 800 does not require a certificate of probable cause to perfect a juvenile appeal, confusion over whether the certificate requirement should apply arises from the language of rule 39(a), California Rules of Court.[6] That rule provides in part: "The rules governing appeals from the superior court in criminal cases are applicable to all appeals from the juvenile court except where otherwise expressly provided by this rule, or where the application of a particular rule would be clearly impracticable or inappropriate."

However, rule 39(*b*) reveals that no certificate is required in juvenile cases. That rule states: "In the cases provided by law, an appeal from the juvenile court is taken by filing . . . a written *notice of appeal . . . .*" (Italics added.) There is no indication that the drafters of the rule intended the procedures for initiating a juvenile appeal to be different for those minors who admit the allegations of a juvenile court petition.[7] Had they so intended, the rule would be invalid to the extent it is inconsistent with section 800. (See § 265[8]; *In re Robin M.* (1978) 21 Cal.3d 337, 346 [146 Cal.Rptr. 352, 579 P.2d 1].)

This court's opinion in *In re Steven B.* (1979) 25 Cal.3d 1 [157 Cal.Rptr. 510, 598 P.2d 480], is instructive. In that case, the court reporter who transcribed a juvenile court jurisdictional hearing lost his notes. The rules governing criminal appeals provided, as they do now, for a "settled statement" when a portion of the reporter's transcription cannot be obtained. (Rule 36(b).) Notwithstanding rule 39(a)'s direction to apply the rules in criminal cases, this court held that in juvenile cases, "there is no adequate substitute for a complete record," and that a new jurisdictional hearing was required. (25 Cal.3d at pp. 8-10.) This court observed that "no statute, rule, or case holds that a settled statement is appropriate in a juvenile court appeal," and that the Legislature in section 800 clearly " 'did not intend to permit the juvenile court to order a settled statement in lieu of a transcript

---

[6]Hereafter, all references to rules are to the California Rules of Court.

[7]The Advisory Committee comment to rule 39(b) supports this conclusion. It states: "Subdivision (b), relating to the time for filing the notice of appeal, is based upon rules 3(b) and 31(a)." Both rules 3(b) and 31(a) involve notices of appeal, not certificates of probable cause. It is noteworthy that the comment contains no reference to rule 31(*d*), which outlines the procedures applicable to certificates of probable cause.

[8]Section 265 provides: "The Judicial Council shall establish rules governing practice and procedure in the juvenile court *not inconsistent with law.*" (Italics added.)

. . . .' " (*Id.,* at p. 6, quoting *Dana J.* v. *Superior Court* (1971) 4 Cal.3d 836, 840, fn. 6 [94 Cal.Rptr. 619, 484 P.2d 595].)

The analogy to the present case is obvious. No statute, rule, or case mandates the use of a certificate of probable cause in juvenile appeals. Moreover, section 800 specifically provides that juvenile appeals shall be initiated by way of a notice of appeal. Surely this court must accept the Legislature's clear mandate.

### III.

The requirement of a certificate of probable cause would produce results which are contrary to the Legislature's policy. Section 800 provides that juvenile appeals "shall have precedence over all other cases in the court to which the appeal is taken." (See also rule 39(e); *In re Eugene R.* (1980) 107 Cal.App.3d 605, 612-613 [166 Cal.Rptr. 219].) The addition of another step to the process of initiating a juvenile appeal would probably cause some delays. ■ ■■■ In such situations, a minor would not be afforded his statutory right to an expeditious determination of his appeal.[9]

■ The delay would be particularly lengthy in cases where the trial court erroneously refused to issue a certificate. In such cases, the aggrieved appellant would have to seek review of the propriety of the denial by a petition for writ of mandate. (*In re Brown* (1973) 9 Cal.3d 679, 683 [108 Cal.Rptr. 801, 511 P.2d 1153].) That process would substantially delay appellate review of the merits of a minor's contentions, and it would produce results contrary to the legislative intent expressed in section 800.

As this court has observed, "[w]here a defendant has been convicted upon a plea of guilty, his right to appeal may be dependent on many technical requirements of which he may be unaware." (*People* v. *Ribero, supra,* 4 Cal.3d at p. 64.) In cases where a minor admits the allegations of a petition, no advice of appeal rights is currently required. (Rule 251.) Therefore, as a practical matter, a minor's failure to file a certificate of probable cause would not be discovered until the time for filing (60 days after "the rendition of judgment" (rule 31(d)) had passed. As one Court of Appeal observed, "if there is error or omission in the proceedings [leading to the

---

[9]The Advisory Committee's comment to rule 39(a) states that the purpose of applying the rules in criminal appeals to juvenile appeals is to "enable the appellate courts to implement the legislative policy that juvenile court matters be handled expeditiously at the appellate as well as at the trial court level . . . ." It follows that where application of the criminal appellate rules would delay rather than expedite the juvenile appeals process, they should not be so applied.

perfecting of an appeal], it may not come to anyone's attention until the record on appeal is prepared and new counsel, with the opportunity to exercise considerable hindsight, finds it." (*In re Chadwick C., supra,* 137 Cal.App.3d at p. 179.) Even if a minor were able to seek relief from default because of trial counsel's failure to obtain a certificate, that step would inevitably delay the appeal. Such a result is inconsistent with both the letter and spirit of section 800.

IV.

Legislative intent and common sense dictate the inappropriateness and impracticality of requiring a certificate of probable cause in juvenile court proceedings. Since the Court of Appeal held appellant to that requirement, the matter is ordered retransferred to the Third Appellate District for a decision on the merits of all issues raised by appellant.

Mosk, J., Richardson, J., Kaus, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.