[No. A109703. First Dist., Div. Five. Oct. 31, 2005.]

In re DAVID S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAVID S., Defendant and Appellant.

COUNSEL

Law Offices of Paul Delano Wolf, Paul Delano Wolf, Lynn M. Keslar and Aminder Singh for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**JONES, P. J.**—David S. appeals the dispositional order that prohibits him, as a condition of probation, from possessing any weapons and notifies the California Department of Justice of this prohibition. He contends the juvenile court erred in concluding the weapon prohibition condition was statutorily mandated by the offense he admitted: battery on a school employee, Penal Code section 243.6.[1]

## BACKGROUND

After appellant admitted two misdemeanors alleged in an amended petition (Welf. & Inst. Code, § 602), battery against a school employee (§ 243.6) and carrying a switchblade knife (§ 653k), he was adjudged a ward of the court and ordered to comply with conditions of juvenile probation. One condition was that he not possess any weapons.

At a subsequent disposition proceeding, appellant sought a modification of the weapon prohibition in order to lawfully carry a gun when he went hunting with his family. The People opposed the modification, arguing that the weapon prohibition was mandated by section 12021, subdivision (e), which

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

prohibits a juvenile who has committed any of the offenses enumerated in the statute from possessing a firearm until age 30. They argued that even though section 243.6, battery on a school employee, was not among the enumerated offenses in section 12021, subdivision (e), it was necessarily included because the enumerated offenses included section 242, which defines the offense of battery, and section 243, which sets forth the punishment for simple battery. The juvenile court concluded that appellant's violation of section 243.6 brought him under section 12021, subdivision (e)'s prohibition and denied his request to modify the probation condition. It also declined appellant's request to stay notice of the weapon prohibition to the Department of Justice until completion of his appeal.[2]

## DISCUSSION

Appellant renews the contention he made to the juvenile court: section 12021, subdivision (e), does not mandate a prohibition against possessing firearms upon conviction of battery on a school employee, because the latter offense is not among the enumerated offenses of section 12021, subdivision (e).

Section 12021, subdivision (e) states, in pertinent part: "Any person who (1) is alleged to have committed . . . any offense enumerated in [subdivision (c)(1)] . . . , and (2) is subsequently adjudged a ward of the juvenile court within the meaning of [Welfare and Institutions Code section 602] because the person committed . . . any offense enumerated in [subdivision (c)(1)] . . . shall not own, or have in his or her possession or under his or her custody or control, any firearm until the age of 30 years."

Subdivision (c)(1) of section 12021, to which subdivision (e) refers and which is the focus of this appeal, states, in pertinent part: "[A]ny person who has been convicted of a misdemeanor violation of Section 71, 76, 136.1, 136.5, or 140, subdivision (d) of Section 148, Section 171b, 171c, 171d, 186.28, 240, 241, 242, 243, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.6, 422, 626.9, 646.9, 12023, or 12024, subdivision (b) or (d) of Section 12034, Section 12040, subdivision (b) of Section 12072, subdivision (a) of former Section 12100, Section 12220, 12320, or 12590, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, or of the conduct punished in paragraph (3) of subdivision (g) of

---

[2] Section 12021, subdivision (e), requires the juvenile court to notify the Department of Justice of persons subject to its prohibition.

The other offense admitted by appellant, carrying a switchblade, is not among the offenses enumerated in section 12021, subdivision (e), nor do the People argue it is subsumed by one of the enumerated offenses.

Section 12072, and who, within 10 years of the conviction, owns, purchases, receives, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense. . . ." (Italics added.)

*Standard of Review and Statutory Construction*

■ Statutory interpretation is a question of law. Consequently, appellate courts apply their independent judgment when interpreting a legislative act. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)

■ A court's fundamental role in construing a statute is to ascertain the Legislature's intent, in order to effectuate the statute's purpose. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].) Courts look first to the language of the statute, according the words their usual, ordinary meaning. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168]; *People v. Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr.2d 278, 856 P.2d 1134].) The language is construed in the context of the statute as a whole and the overall statutory scheme, and courts give significance to every word, phrase, sentence and part of an act in pursuing the legislative purpose. (*Canty, supra,* at p. 1276.) If the language is clear and unambiguous, courts follow the plain meaning of the statute. (*Ibid.*)

The "plain meaning" rule, however, does not prohibit courts from determining whether the literal meaning of a statute comports with the statute's purpose as reflected by its express language. (*People v. Canty, supra,* 32 Cal.4th at p. 1276.) Courts should not give language of a statute its literal meaning if doing so would result in absurd consequences unintended by the Legislature. (*People v. Broussard, supra,* 5 Cal.4th at p. 1071.) In that case, the intent of the law prevails over the letter, and the letter, if possible, will be read so as to conform to the spirit of the act. (*Ibid.*)

*Section 12021, Subdivision (c)(1)*

■ The statute at issue here, section 12021, subdivision (c)(1), clearly states that conviction of certain misdemeanor offenses will result in a prohibition against owning or possessing firearms for a designated period after the conviction. It also clearly specifies that section 242—generic battery, "any willful and unlawful use of force or violence upon the person of another"—is one of those offenses. By its plain meaning, the statute unambiguously manifests a legislative intent to forbid people convicted of misdemeanor battery from owning or possessing firearms.

As appellant correctly observes, section 12021, subdivision (c)(1), does not list section 243.6, battery on a school employee, as one of the predicate

offenses that result in imposition of the firearm ban. Section 243.6 is one of 10 misdemeanor battery offenses that appear in what may be called the section "243.x" series: species of misdemeanor batteries for which the punishment is potentially greater than the punishment for generic misdemeanor battery because the battery was committed on a particularly denominated category of victim or in a particularly denominated locale.[3] Like section 243.6, none of the other nine misdemeanor batteries contained in the section "243.x" series is among the offenses enumerated in section 12021, subdivision (c)(1).

However, the fact these batteries were committed on a particular victim or in a particular site does not make them any less a battery. Conviction of any of the section "243.x" series necessarily requires proof of section 242: "willful and unlawful use of force or violence upon the person of another." To read section 12021, subdivision (c)(1), and, by extension subdivision (e), as not imposing the firearm ban on people convicted of the section "243.x" series because this series of misdemeanors is not specifically enumerated in section 12021, subdivision (c), would thwart the clear legislative intent that anyone convicted of misdemeanor battery shall be banned from owning or possessing a firearm for a designated period of time. We decline to read section 12021, subdivision (c)(1) in a manner that does not conform with that intent.[4]

---

[3] Generic misdemeanor battery is punishable by a maximum fine of $2,000 and/or up to six months' imprisonment in county jail. (§ 243.) Section 243.6, battery on a school employee, is punishable by a maximum fine of $2,000 and/or up to a year in county jail.

The nine other misdemeanor offenses in the section "243.x" series are: section 243.2, battery on school, park, or hospital grounds ($2,000 maximum fine and/or up to one year in county jail); section 243.25, battery against an elder or dependent adult ($2,000 maximum fine and/or up to one year in county jail); section 243.3, battery against transportation personnel or passengers ($10,000 maximum fine and/or up to one year in county jail); section 243.35, battery occurring on property of or in motor vehicle of public transportation provider ($2,000 maximum fine and/or up to one year in county jail); section 243.4, sexual battery ($3,000 maximum fine and/or up to one year in county jail); section 243.7, battery against jurors ($5,000 maximum fine and/or up to one year in county jail); section 243.8, battery against sports officials ($2,000 maximum fine and/or up to one year in county jail); section 243.9, gassing (throwing or placing human excrement or other bodily substances on) a peace officer (imprisonment in county jail); and section 243.10, battery against a member of the United States Armed Forces ($2,000 maximum fine and/or up to one year in county jail).

[4] The People argue that by enumerating section 243, which establishes the punishment for generic misdemeanor battery, the Legislature "must have intended that any more serious battery," i.e., a misdemeanor battery with a more stringent punishment, "would likewise trigger the firearm ban. [¶] Any other interpretation would be absurd. A person convicted . . . for having committed the least serious form of battery with the lowest prescribed punishment would be subject to the weapon ban while appellant, having committed a more serious battery with greater possible punishment would not." In his reply brief, appellant rebuts that once the Legislature has exercised its sole authority to specify the punishment for an offense, a court is not to impose a greater or lesser punishment, even when it appears that a greater punishment is

*Expressio Unius Est Exclusio Alterius*

■ Both parties argue the legislative intent is unambiguously reflected in the language of the statute, albeit drawing opposite conclusions as to what the Legislature intended in the case of a section 243.6 conviction. In arguing that the absence of section 243.6 from section 12021, subdivision (c)(1)'s enumerated predicate offenses reflects the Legislature's clear intent *not* to impose the firearm ban upon conviction of section 243.6, appellant relies on the rule of statutory construction that "expression of certain items in a statute necessarily involves exclusion of other things not expressed. [Citations.]" (*People v. Conley* (2004) 116 Cal.App.4th 566, 574 [10 Cal.Rptr.3d 477].) This rule does not assist appellant. It is subordinate to the primary rule that the intent of a statute prevails over its letter (*In re Joseph B.* (1983) 34 Cal.3d 952, 957 [196 Cal.Rptr. 348, 671 P.2d 852]). ■ As discussed, above, section 12021, subdivision (c)(1) expresses the overarching legislative intent that conviction of *battery*, regardless of victim or site, will trigger imposition of the firearm ban. Reading section 12021, subdivision (c)(1), as necessarily excluding categories of victims or sites because it omits the statutes that govern the particularized punishment for a battery involving a specific victim or site would violate that expressed intent.

*Legislative History*

As a backup position, appellant argues that the legislative history of section 12021, subdivision (c), supports his contention that the Legislature did not intend conviction of section 243.6 to result in the firearm ban. However, because we have concluded the intent of the statute is clearly and unambiguously apparent in the context of the statutory language as a whole, it is unnecessary to resort to indicia of the intent of the Legislature. (See *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *State Board of Education v. Levit* (1959) 52 Cal.2d 441, 462 [343 P.2d 8].)

In any event, the history of the statute does not support appellant's argument. He observes that when section 12021, subdivision (c)(1) was first enacted in 1990, section 243 was among the enumerated offenses but not section 242, generic battery. When section 12021, subdivision (c)(1) was amended two years later to add sections 240 (generic assault), 242 (generic battery), 273.5 (corporal injury on a spouse), 273.6 (violation of a restraining order) and section 646.9 (stalking) as enumerated offenses, a stated purpose

---

being imposed for a lesser offense. Because we conclude that the clear language of section 12021, subdivision (c)(1), reflects the Legislature's intent that any misdemeanor battery, regardless of assigned punishment, will result in the firearm ban, we need not address the People's punishment-comparison rationale or appellant's rebuttal thereto.

for the amendment was to deter firearm possession among individuals with a record of domestic violence. (Sen. Floor Analysis, Assem. Bill No. 242 (1993–1994 Reg. Sess.) as amended Aug. 17, 1993.) Appellant takes from this statement "the Legislature's clear intent" to address specifically with the amendment certain social and criminal wrongs, which did not include battery in a school setting. We disagree. By including sections 240 and 242, which criminalize generic assault and battery, offenses which can, and more often do, occur outside the domestic setting, the Legislature necessarily intended the 1993 amendment to encompass misdemeanor assaults and/or batteries regardless of victim.

*Surplusage*

In addition to section 242, generic battery, section 12021, subdivision (c)(1), enumerates section 243 as a predicate offense. Section 243, subdivision (a), establishes the punishment for generic misdemeanor battery: $2,000 fine and/or six months' county jail. Subdivisions (b), (c), and (e) establishes the punishment for misdemeanor battery on public safety officials, health care personnel, and spouses/cohabitants, and subdivision (d) establishes the punishment for misdemeanor battery resulting in serious bodily injury: $2,000 fine and/or one year county jail. Appellant reasons: if section 243.6 (battery on a school employee) is interpreted, as respondent urges, simply as a penalty provision for section 242's proscription against battery in general, thereby making section 243.6's enumeration in section 12021, subdivision (c)(1) unnecessary to trigger its firearm ban, then section 12021, subdivision (c)(1)'s enumeration of section 243 is rendered meaningless or surplusage. He argues that if it is unnecessary to specify section 243.6 because it is only a penalty provision, it is equally unnecessary to specify section 243, and a statutory interpretation that makes items on a list unnecessary or redundant is inconsistent with accepted principles of statutory construction. (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159–1160 [278 Cal.Rptr. 614, 805 P.2d 873].)

■ Appellant's contention, in the abstract, is not unreasonable. Section 243 is not a statute defining a substantive offense; it is the statute governing the penalty for generic battery and several species of battery, e.g., on a police officer or doctor. Interpreting section 12021, subdivision (c)(1) to mean that the firearm ban takes effect upon the conviction of any misdemeanor battery based on its enumeration of section 242 may cause the enumeration of section 243 to be surplusage. An interpretation that renders some words surplusage is generally to be avoided. (*California Mfrs. Assn. v. Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) Again, this rule gives way to the paramount rule of interpreting a statute in a manner consistent with its legislative intent as expressed in the statute's

language. (*In re Rudy L.* (1994) 29 Cal.App.4th 1007, 1013–1014 [34 Cal.Rptr.2d 864].) Thus, even if interpreting section 12021, subdivision (c)(1) as encompassing all misdemeanor batteries may cause the enumeration of section 243 to appear redundant, such an interpretation upholds the legislative intent.

### *Leniency*

Appellant, while asserting section 12021, subdivision (c)(1) is not ambiguous, argues that even if it is, the rule that true statutory ambiguities should be resolved in a defendant's favor should apply. (*People v. Anderson* (2002) 28 Cal.4th 767, 780 [122 Cal.Rptr.2d 587, 50 P.3d 368].) We reiterate that the intent of the statute is unambiguous; hence, the leniency rule is inapplicable.

### DISPOSITION

The disposition order is affirmed.

Simons, J., and Gemello, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 8, 2006, S139497. Chin, J., did not participate therein.