163 Cal.App.4th 16 (2008)
In re DAMIEN V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
DAMIEN V., Defendant and Appellant.
No. G038495.
Court of Appeals of California, Fourth District, Division Three.
May 21, 2008.
*18 Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

*19 OPINION
FYBEL, J.

INTRODUCTION
Defendant Damien V., then 17 years of age, was alleged to have committed an act of gang-related vandalism. Defendant demurred to the petition, arguing Penal Code section 186.22, subdivision (d), which provides an alternate penalty provision when the underlying offense is committed for the benefit of, at the direction of, or in association with a criminal street gang, only applies to adult offenders, not juveniles. (All further statutory references are to the Penal Code, unless otherwise noted.) The juvenile court overruled the demurrer; defendant admitted the allegations in the petition, and then appealed.
We hold section 186.22, subdivision (d) applies to juveniles as well as adults, based on our analysis of section 186.22 as a whole and of its subdivisions, the purpose of Proposition 21 (the initiative which enacted the current version of § 186.22, subd. (d)), and the other statutes added or amended by Proposition 21. We therefore affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
On March 10, 2004, defendant was declared a ward of the juvenile court pursuant to Welfare and Institutions Code section 602. On February 23, 2007, the juvenile court found defendant to be in violation of the terms of his probation, and committed him to 90 days in a juvenile facility. While in the juvenile facility, defendant wrote "vDSRX3" (standing for Varrio Darkside Rifa 13) on a chair. Defendant is a member of the Darkside criminal street gang.
A subsequent petition was filed on March 9, 2007, alleging defendant committed an act of vandalism in violation of section 594. The petition alleged the vandalism was committed for the benefit of, at the direction of, and in association with a criminal street gang, within the meaning of section 186.22, subdivision (d). Defendant demurred to the petition, arguing the alternate penalty provision of section 186.22, subdivision (d) was inapplicable to juveniles. The juvenile court overruled defendant's demurrer.
Defendant admitted the allegations in the petition. The juvenile court continued defendant as a ward of the court, found the allegations in the petition true beyond a reasonable doubt, found the matter to be a felony, and *20 ordered defendant to serve 30 days in a juvenile facility, consecutive to the commitment imposed in February 2007. Defendant timely appealed.

STANDARD OF REVIEW
(1) Defendant argues section 186.22, subdivision (d) applies only to adults, not juveniles, and his demurrer therefore should have been sustained. The juvenile court's interpretation of a statute is subject to de novo review on appeal. (Kavanaugh v. West Sonoma County Union High School Dist. (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54]; People v. Wills (2008) 160 Cal.App.4th 728, 736 [73 Cal.Rptr.3d 104].) The language of the statute must be "`construed in the context of the statute as a whole and the overall statutory scheme.'" (Robert L. v. Superior Court (2003) 30 Cal.4th 894, 901 [135 Cal.Rptr.2d 30, 69 P.3d 951].)[1]

DISCUSSION

I.

SECTION 186.22 AND ITS SUBDIVISIONS
(2) Section 186.22, subdivision (d) provides: "Any person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days, and shall not be eligible for release upon completion of sentence, parole, or any other basis, until he or she has served 180 days. If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in a county jail." This section is an alternate penalty provision, which "prescribes an added penalty to be imposed when the offense is committed under specified circumstances." (People v. Bright (1996) 12 Cal.4th 652, 661 [49 Cal.Rptr.2d 732, 909 P.2d 1354].)
*21 (3) Section 186.22, subdivision (d) was passed by the electorate as part of Proposition 21. (Robert L. v. Superior Court, supra, 30 Cal.4th at p. 900.) In interpreting a statute enacted by means of a voter initiative, "`"we turn first to the language of the statute, giving the words their ordinary meaning."'" (Id. at p. 901.) We construe the statutory language "`in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].'" (Ibid.) If the language of the statute is ambiguous, "`"we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official voter information guide." [Citation.]' [Citation.]" (Ibid.)
We first analyze section 186.22 and its subdivisions. Although we find significant support in the statutes and case law for a conclusion that section 186.22, subdivision (d) applies to juveniles, a reasonable argument can also be made that it does not.

A. Analogy of section 186.22, subdivision (d) to section 1237.5

Defendant relies on In re Joseph B. (1983) 34 Cal.3d 952, 955 [196 Cal.Rptr. 348, 671 P.2d 852], in which the California Supreme Court held section 1237.5 (which requires a defendant to obtain a certificate of probable cause before appealing a judgment under certain circumstances) does not apply in juvenile court proceedings. In reaching its conclusion, the Supreme Court relied, in part, on the language of section 1237.5, which "refers to defendants who stand convicted upon a guilty or nolo contendre plea." (In re Joseph B., supra, 34 Cal.3d at p. 955.) Because adjudications of juvenile wrongdoing are not criminal convictions, and because juveniles admit the allegations of a petition rather than pleading guilty, the court concluded section 1237.5 did not apply to juveniles. (In re Joseph B., supra, 34 Cal.3d at p. 955.)[2] Like section 1237.5, section 186.22, subdivision (d) speaks in terms of a conviction, which might indicate it applies only to adult, not to juvenile, defendants.

*22 B. Section 186.22, subdivisions (a) and (b)

(4) Although section 186.22, subdivision (b) also speaks only in terms of a conviction, and section 186.22, subdivision (a) does not refer to juvenile adjudications, both subdivisions (a) and (b) of section 186.22 apply to juveniles and adults. (In re Jose P. (2003) 106 Cal.App.4th 458 [130 Cal.Rptr.2d 810]; see § 186.22, subd. (h) [addressing payment of costs if a juvenile is committed to the Division of Juvenile Facilities after being convicted under § 186.22, subd. (a) or (b)].)

C. Analogy of section 186.22, subdivision (d) to other statutes using the terminology of adult proceedings

In In re Jovan B. (1993) 6 Cal.4th 801 [25 Cal.Rptr.2d 428, 863 P.2d 673], which was cited and relied on by the juvenile court here, our Supreme Court considered whether section 12022.1, an enhancement provision which increases the period of imprisonment for a felony if it is committed while the offender is free on bail or on his or her own recognizance, applies in juvenile court proceedings. Section 12022.1 refers only to convictions, not to juvenile adjudications. The court nevertheless concluded, "section 12022.1 is applicable in the juvenile context." (In re Jovan B., supra, 6 Cal.4th at p. 807.)
Welfare and Institutions Code section 726, subdivision (c) provides that the maximum period in which a juvenile ward of the court may be held in physical confinement is the same as the maximum term of imprisonment that could be imposed on an adult offender for the same offense. The court in In re Jovan B. concluded, "Welfare and Institutions Code section 726 obviously intends that, for purposes of calculating a juvenile ward's maximum confinement or commitment, the [Determinate Sentencing Act]'s enhancement scheme should be applied fully except insofar as the focus of a particular enhancement is manifestly at odds with the principles of juvenile law." (In re Jovan B., supra, 6 Cal.4th at p. 813.)
Although In re Jovan B. addresses sentencing enhancements rather than alternate penalty provisions, its analysis supports application of section 186.22, subdivision (d) to juveniles because it concludes statutes referring only to convictions can be applicable to juveniles as well as to adults.
By contrast, in In re Derrick B. (2006) 39 Cal.4th 535 [47 Cal.Rptr.3d 13, 139 P. 3d 485], our Supreme Court considered the applicability of the former statute requiring registration by sex offenders to juveniles. Former section 290, subdivision (a)(2)(A) required registration as a sex offender by persons *23 "convicted" of numerous enumerated crimes, including sexual battery.[3] Former section 290, subdivision (d) required registration as a sex offender by persons who had been committed to the custody of the Department of the Youth Authority after having been adjudicated a ward of the juvenile court if they had committed certain enumerated sex crimes; sexual battery is not one of the enumerated crimes. (Former § 290, subd. (d)(1), (3).) Former section 290, subdivision (a)(2)(E) required registration by "[a]ny person ordered by any court to register pursuant to this section for any offense not included specifically in this section if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (Italics added.)
Derrick B., then 13 years of age, was declared a ward of the juvenile court for having committed sexual battery, in violation of section 243.4. (In re Derrick B., supra, 39 Cal.4th at p. 538.) In connection with a later offense, the juvenile court ordered Derrick, who had by then turned 17 years old, to register as a sex offender. (Ibid.) The Supreme Court concluded that Derrick could not be ordered to register as a sex offender because the crime he committed was not listed in former section 290, subdivision (d)(3). (In re Derrick B., supra, 39 Cal.4th at p. 537.) The court held former section 290, subdivision (a)(2)(E) applied only to adult convictions, not juvenile adjudications, because it used the terms "[c]onviction" and "sentencing," which are "terms of art usually associated with adult proceedings." (In re Derrick B., supra, 39 Cal.4th at p. 540.)
In reaching its conclusion, the Supreme Court distinguished its own opinion in In re Jovan B. Although section 12022.1, which was at issue in In re Jovan B., also used terms of art associated with adult proceedings, the Supreme Court had nevertheless found it applicable to juveniles as well because of the plain language of Welfare and Institutions Code section 726. (In re Derrick B., supra, 39 Cal.4th at pp. 542-543.) In contrast, when analyzing former section 290, subdivision (a)(2)(E), the Supreme Court found there was "no broader context to expand upon the clear language chosen by the Legislature." (In re Derrick B., supra, 39 Cal.4th at p. 543.)
As will be explained post, in this case there is a broader context within which to consider the language of section 186.22, subdivision (d)namely, the purpose of, and other statutes added or amended by, Proposition 21.[4]

*24 D. Section 186.22, subdivision (i)

Section 186.22, subdivision (i), which was also enacted as part of Proposition 21, reads, in relevant part, "[i]n order to secure a conviction or sustain a juvenile petition, pursuant to subdivision (a) . . . ." (Italics added.) Where one portion of the initiative refers to a conviction or the act of sustaining a juvenile petition, and another portion refers only to a conviction, did the electorate intend that the portion referring only to convictions would apply in juvenile proceedings as well as in proceedings against adult defendants? A reasonable argument can be made in support of defendant's position that section 186.22, subdivision (d) does not apply to juveniles given the difference in the language used in section 186.22, subdivisions (d) and (i).

E. Section 186.22, subdivision (h)

Section 186.22, subdivision (h), which was also added to the statute through Proposition 21, provides that "for each person committed to the Division of Juvenile Facilities for a conviction pursuant to subdivision (a) or (b) of this section, the offense shall be deemed one for which the state shall pay the rate of 100 percent of the per capita institutional cost of the Division of Juvenile Facilities . . . ." If section 186.22, subdivision (d) was intended to apply to juveniles, why would it not be mentioned in subdivision (h)? This lack of a reference to section 186.22, subdivision (d) in subdivision (h) might have been because subdivision (d) is an alternate penalty provision, not a substantive offense or an enhancement.

F. Ambiguity

As shown, an analysis of section 186.22 and its subdivisions, as well as analogies to other statutes, does not unequivocally answer the question whether section 186.22, subdivision (d) applies to juveniles. There is significant support for an interpretation of section 186.22, subdivision (d) applying to juveniles as well as adults. We recognize, however, that a reasonable argument can be made to the contrary, and that, as a consequence, subdivision (d) is at least ambiguous in this regard. Therefore, we turn to the purpose and language of Proposition 21the initiative which enacted section 186.22, subdivision (d)for further indicia of the voters' intent.[5]

*25 II.

PURPOSE OF PROPOSITION 21
The official name of Proposition 21 is the Gang Violence and Juvenile Crime Prevention Act of 1998. The findings and declarations of Proposition 21 include the following: "While overall crime is declining, juvenile crime has become a larger and more ominous threat." (Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (a), p. 119.) "Vigorous enforcement and the adoption of more meaningful criminal sanctions, including the voter-approved `Three Strikes' law, Proposition 184, has resulted in a substantial and consistent four year decline in overall crime. Violent juvenile crime has proven most resistant to this positive trend." (Id., § 2, subd. (c), p. 119.) "Dramatic changes are needed in the way we treat juvenile criminals, criminal street gangs, and the confidentiality of the juvenile records of violent offenders if we are to avoid the predicted, unprecedented surge in juvenile and gang violence." (Id., § 2, subd. (k), p. 119.) Based on the official voter information guide, the voters expressed their concern about the threat of juvenile crime when voting in favor of Proposition 21.

III.

OTHER STATUTES ADDED OR AMENDED BY PROPOSITION 21
(5) Three new statutes added to the Penal Code by Proposition 21 expressly apply their provisions to both adult and juvenile proceedings. Section 186.30, subdivision (b) reads in relevant part: "Subdivision (a) shall apply to any person convicted in a criminal court or who has had a petition sustained in a juvenile court . . . ." (See Voter Information Guide, Primary Elec., supra, text of Prop. 21, § 7, p. 121.) Section 186.31 reads in relevant part: "At the time of sentencing in adult court, or at the time of the dispositional hearing in the juvenile court . . . ." (See Voter Information Guide, Primary Elec., supra, text of Prop. 21, § 8, p. 121.) Finally, section 186.33, subdivision (b)(2) reads: "The existence of any fact bringing a person under this subdivision shall be alleged in the information, indictment, or petition, and be either admitted by the defendant or minor in open court, or found to be true or not true by the trier of fact." (See Voter Information Guide, Primary Elec., supra, text of Prop. 21, § 10, p. 121.)
(6) Proposition 21 also amended Welfare and Institutions Code section 654.3, but left unchanged the language in that statute reading, "[n]o minor *26 shall be eligible for the program of supervision set forth in Section 654 or 654.2 [if] . . . [¶] . . . [¶] (d) A petition alleges that the minor has violated Section 186.22 of the Penal Code." (See Voter Information Guide, Primary Elec., supra, text of Prop. 21, § 22, p. 125.) Similarly, Welfare and Institutions Code section 676 was amended, but Proposition 21 did not change the language in that statute permitting members of the public to attend juvenile proceedings when the offense at issue is "[c]riminal street gang activity which constitutes a felony pursuant to Section 186.22 of the Penal Code." (See Voter Information Guide, Primary Elec., supra, text of Prop. 21, § 25, p. 126.) The initiative also amended section 707 of the Welfare and Institutions Code to permit a district attorney to bring charges in criminal court rather than in juvenile court against certain juveniles if "[t]he offense was committed for the benefit of, at the direction of, or in association with any criminal street gang as prohibited by Section 186.22 of the Panel Code." (See Voter Information Guide, Primary Elec., supra, text of Prop. 21, § 26, p. 128.) These three sections of the Welfare and Institutions Code apply only to juveniles. They each reference the entirety of section 186.22, which would include the new subdivisions of section 186.22 added by Proposition 21. Therefore, these Welfare and Institutions Code sections support application of section 186.22, subdivision (d) to both adults and juveniles.

CONCLUSION
The voter information guide for Proposition 21 emphasized the intent of the voters to heavily penalize juveniles involved in gang activity. As our Supreme Court noted in Robert L. v. Superior Court, supra, 30 Cal.4th at page 907, "the ballot materials clearly show that the voters intended to dramatically increase the punishment for all gang-related crime . . . ."
(7) Proposition 21 increased punishment for gang-related crimes, permitted juvenile offenders to be charged as adults under more circumstances, and classified more crimes as violent or serious to make offenders subject to longer sentences. It would be inconsistent with these other provisions of Proposition 21 for the voters to have, at the same time, excluded juveniles from the reach of section 186.22, subdivision (d), which sets minimum periods of incarceration for convictions of crimes that could be charged either as felonies or misdemeanors, when those crimes are gang related. For all these reasons, and considering the statutory scheme as a whole, we hold section 186.22, subdivision (d) applies to juvenile as well as adult offenders. Therefore, the trial court did not err in overruling defendant's demurrer.

*27 DISPOSITION
The judgment is affirmed.
Moore, Acting P. J., and Aronson, J., concurred.
NOTES
[1] In Robert L. v. Superior Court, supra, 30 Cal.4th 894, our Supreme Court applied section 186.22, subdivision (d) to a juvenile. As the Attorney General correctly points out in his respondent's brief, "before reaching its holding, the court did not consider the applicability of section 186.22[, subdivision ](d) to juveniles."
[2] In reaching its conclusion, the court also relied heavily on the language of Welfare and Institutions Code section 800 and California Rules of Court, former rule 39. Welfare and Institutions Code section 800, subdivision (a), reads in relevant part, "[a] judgment in a proceeding under Section 601 or 602 may be appealed from, by the minor, in the same manner as any final judgment, and any subsequent order may be appealed from, by the minor, as from an order after judgment." California Rules of Court, former rule 39(b) reads in relevant part, "[i]n the cases provided by law, an appeal from the juvenile court is taken by filing . . . a written notice of appeal . . . ." The court concluded that the statute and the rule made clear that a certificate of probable cause was not required to file an appeal in a juvenile matter following a juvenile's admission of the allegations in the petition. (In re Joseph B., supra, 34 Cal.3d at p. 958.)
[3] Former section 290 was repealed in 2007, and replaced by the Sex Offender Registration Act, sections 290 to 290.023. (Stats. 2007, ch. 579, §§ 7, 8.)
[4] Although not dispositive, it bears repeating at this point that in Robert L. v. Superior Court, supra, 30 Cal.4th 894, the California Supreme Court approved of the application of section 186.22, subdivision (d) in a juvenile case.
[5] Although ambiguity in a statute may implicate the rule of lenity as an interpretive aid when two reasonable interpretations stand in relative equipoise, the rule has no application where as here, as we shall explain, we "can fairly discern a contrary legislative intent." (People v. Avery (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1].)