Filed 10/2/13  In re Garrett W. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re GARRETT W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GARRETT W.,<br><br>    Defendant and Appellant. | G046999<br><br>(Super. Ct. No. DL040237)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

The opinion filed in this case on September 5, 2013, is ordered modified as follows:

1.  On page 3, delete the last full paragraph on the page:  "Minor's admission that he touched the victim's bare breast 'for the purpose of annoying, harassing, intimidating, or inflicting discomfort' on the victim, supports a determination that he acted for the purpose of abusing her.  The area of her body he specifically chose to inflict this abuse on was her bare breast.  That act violated the statute.  Accordingly, minor's admission supports the judge's ruling declaring him a ward of the court."

2.  On page 3, in place of the deleted paragraph, insert the following paragraph:  "Minor's admission that he touched the victim's breast 'for the purpose of annoying, harassing, intimidating, or inflicting discomfort' on the victim, supports a determination that he acted for the purpose of abusing her.  The area of her body he specifically chose to inflict this abuse on was her breast.  That act violated the statute.  Accordingly, minor's admission supports the judge's ruling declaring him a ward of the court."

The modification does not change the judgment.  The petition for rehearing is DENIED.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

Filed 9/5/13 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re GARRETT W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GARRETT W.,<br><br>    Defendant and Appellant. | G046999<br><br>(Super. Ct. No. DL040237)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jacki C. Brown, Judge.  Affirmed.

Michael P. Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton, Donald W. Ostertag and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

Minor Garrett W. admitted he violated Penal Code[1] section 243.4, subdivision (e)(1), sexual battery and the juvenile court judge declared him a ward of the court pursuant to Welfare and Institution Code section 602. He contends on appeal the facts underlying the charge are different than those he admitted and do not fall within the scope of section 243.4, subdivision (3)(1). We affirm.

I

FACTS

On May 24, 2011, the Orange County District Attorney filed a petition in the juvenile court pursuant to Welfare and Institutions Code section 602 alleging minor violated section 243.4, subdivision (e)(1). Minor appeared with retained counsel on June 6, 2011, and entered a denial to the petition. Minor later filed a brief arguing his conduct did not violate the statute because his intention in touching the victim's breasts was to get her to "back away" and thus there was no sexual abuse as required by the statute, but he apparently did not obtain a ruling on the issue. Minor eventually admitted a violation of section 243.4, subdivision (e)(1), after being advised of his constitutional rights and filing a written advisement and waiver of rights form. The form contained the following factual basis for minor's admission: "On March 24, 2011, in Orange County, I willfully and unlawfully touched the breasts of Jane Doe against her will and for the purpose of annoying, harassing, intimidating, or inflicting discomfort on Jane Doe, as those acts can be sexual abuse." The court advised minor that under current law he would not have to register as a sex offender upon turning 18 years of age.

The court found minor knowingly, intelligently, and voluntarily waived his constitutional rights, found a factual basis for the admission, and sustained the petition. The court declared minor a ward of the court and placed him on supervised probation, ordering him to complete 15 days on the court work program, and other terms and

---

[1] All undesignated statutory references are to the Penal Code.

conditions of probation, including completion of a 12-week youth sexual health and protection program. Minor appeals and contends he did not violate section 243.4, subdivision (e)(1) because his intent was to get the victim to "back away" and that such an intent does not qualify as sexual abuse under the statute.

## II

## DISCUSSION

Unlike an analogous appeal by an adult from a guilty plea, a minor need not obtain a certificate of probable cause (§ 1237.5) to appeal the judgment of the juvenile court finding the minor to be a ward of the court based on the minor's admission of the allegations in the petition. (*In re Joseph B.* (1983) 34 Cal.3d 952, 959-960.) Notwithstanding his admission that he touched the victim's breasts "for the purpose of annoying, harassing, intimidating, or inflicting discomfort, as those acts can be sexual abuse," minor argues he did not touch the victim's breast for the purpose of inflicting sexual abuse. Rather, he argues he put his hand down the victim's blouse to make her "back away." The factual basis he submitted to the juvenile court in conjunction with his admission, however, did not contain any reference to such an intent.

Section 243.4, subdivision (e)(1) makes it a misdemeanor for "[a]ny person [to] touch[] an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse." A female's breasts are specifically included in section 243.4's definition of "intimate part." (§ 243.4, subd. (g)(1).)

Minor's admission that he touched the victim's bare breast "for the purpose of annoying, harassing, intimidating, or inflicting discomfort" on the victim, supports a determination that he acted for the purpose of abusing her. The area of her body he specifically chose to inflict this abuse on was her bare breast. That act violated the statute. Accordingly, minor's admission supports the judge's ruling declaring him a ward of the court.

3

We cannot properly consider minor's version of the incident set forth in his opening brief, as those facts were not submitted to the juvenile court judge for a determination as to whether the allegation in the petition should be sustained. Having admitted the allegation in the petition and specifically admitting the touching of the victim's breast was "for the purpose of annoying, harassing, intimidating, or inflicting discomfort" on the victim, minor cannot argue on appeal the facts were otherwise. If minor wanted to contest whether his conduct violated the statute, he should have gone to trial (see *People v. Martin* (1973) 9 Cal.3d 687, 693-694 [submission of issue of guilt on preliminary examination transcript preserves issue of the sufficiency of the evidence for appeal]) or submitted his admission on a different set of facts (see Cal. Rules of Court, rule 5.778(f)(6) [juvenile court must find a factual basis for an admission].)

## III

## DISPOSITION

The judgment is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

4