[No. F010864. Fifth Dist. Nov. 8, 1989.]

In re JOHN B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHN B., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Mary Ann Tardiff, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Gelacio L. Bayani, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DIBIASO, J.**—This is an appeal from orders of the juvenile court adjudicating appellant John B., a minor (date of birth June 11, 1973), a ward of the court (Welf. & Inst. Code, § 602) and committing him to the California Youth Authority. The juvenile court's adjudication followed the minor's admission that he committed voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)). The minor disputes the admissibility of a confession he gave the authorities and the juvenile court's finding that he was of sufficient mental competence to allow the action to proceed. We will affirm.

STATEMENT OF CASE

In an amended supplemental petition, the minor was alleged to have violated section 187 (murder), section 148 (resisting, delaying or obstructing an officer), and Vehicle Code section 10851 (taking a vehicle without the owner's consent). Also included in the petition were allegations of firearm use during the commission of the murder and the minor's aggregate confinement time on prior adjudicated petitions. He denied each of the averments.

Prior to the jurisdictional hearing, the minor filed a motion to suppress his confession as an involuntary product of subterfuge, trickery, and promises of leniency on the part of the police. At the hearing on the motion, in addition to offering evidence on the issue of trickery, the minor called Dr. Dean Haddock, a court-appointed psychologist, who testified he did not believe the minor could have understood, and thus could not have intelligently waived, his *Miranda*[2] rights. He also expressed his opinion that the

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

minor did not understand the nature of the proceedings against him nor could he assist his counsel in preparing a defense.

Expressing concern over the doctor's testimony about the minor's mental competence, the juvenile court denied the motion to suppress on the grounds of trickery, requested additional briefing on the issue of the minor's ability to understand and intelligently waive his *Miranda* rights, suspended the proceedings pursuant to section 1368, and appointed another doctor to examine the minor.[3]

At a subsequent competency hearing, the People offered the expert opinion of Dr. Frances Matychowiak, a psychiatrist, who believed the minor was mentally competent. Based on its review and consideration of both experts' opinions, the juvenile court found the minor fit and reinstated the wardship proceedings. It then took additional evidence on the *Miranda* issue and eventually denied the minor's motion to suppress.

On the date set for the adjudication hearing, the parties announced they had reached an agreement. In exchange for the minor's admission that he committed the lesser included offense of involuntary manslaughter, the People would move to dismiss the balance of the amended supplemental petition. However, the court could consider on disposition the dismissed allegations. Following the minor's knowing and intelligent waiver of his constitutional rights, the court accepted the minor's admission pursuant to the agreement. This appeal followed.[4]

## I. APPEALABILITY

This court requested and received supplemental briefing from the parties on the issue of whether the voluntariness of a minor's confession in a Welfare and Institutions Code section 602 juvenile proceeding is cognizable on appeal following an admission. We find no case law directly on point. However, *People v. DeVaughn* (1977) 18 Cal.3d 889 [135 Cal.Rptr. 786, 558 P.2d 872] and *In re Joseph B.* (1983) 34 Cal.3d 952 [196 Cal.Rptr. 348, 671 P.2d 852] are pertinent. In *DeVaughn, supra,* at pages 895-896, the Supreme Court held the voluntariness of a confession does not survive an adult accused's guilty plea. In *Joseph B.,* the Supreme Court held a certificate of probable cause (§ 1237.5) not to be a prerequisite to appellate review of

---

[3] Had the court determined the minor was incompetent to proceed, a claim of prejudicial error as to the partial denial of the motion to suppress might be made. However, since the court ultimately reached a different conclusion, any error in ruling on the motion once the court expressed its concern over the minor's competency is nonprejudicial. (See § 1368.)

[4] The minor's admission makes recitation of the underlying facts unnecessary.

alleged errors which occurred before or in the process of a minor's admission of allegations in a juvenile court petition. (*Joseph B., supra,* 34 Cal.3d at pp. 955-960.) Certain broad statements in *Joseph B.* suggest that all claims of error, including denial of a motion to suppress a confession, may be reviewed on appeal from a minor's admission.

Although the Supreme Court in *Joseph B.* noted the minor raised several contentions on appeal, including purported mistakes which preceded his admission of the allegations in the petition (34 Cal.3d at p. 954), it did not further describe them; it simply concluded the minor did not need to secure a certificate of probable cause in order to obtain appellate evaluation of his case. Compounding this lack of detail, the court resorted to rather expansive language in finding a clear legislative intent that only a notice of appeal is required in juvenile cases. For example, the court said: "[A] notice of appeal is sufficient to initiate appellate review of *any* error arising during juvenile court proceedings." (*Id.* at p. 956, italics added.)

We do not believe *Joseph B.* controls. The only issue decided by *Joseph B.* was that a certificate of probable cause under section 1237.5 was not a condition precedent to a juvenile appeal. ■ The opinion did not discuss or decide which controversies are and which are not reviewable on appeal after the admission of a juvenile petition.

"A decision is not even authority except upon the point actually passed upon by the Court and directly involved in the case. But even then, the mere reasoning of the court is not authority. The point decided by the Court, and which the reasoning illustrates and explains, constitutes a judicial precedent." (*Hart* v. *Burnett* (1860) 15 Cal. 530, 598.)

See also *Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 125 [233 P.2d 74]; *Cohens* v. *Virginia* (1821) 19 U.S. (6 Wheat.) 264, 399-400 [5 L.Ed. 257, 290]. "Incidental statements or conclusions not necessary to the decision are not to be regarded as authority." (*Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 378 [341 P.2d 13].)

We think the nonspecific remarks contained in *Joseph B.* fall within the ambit of those principles. The court's first general expression,[5] 34 Cal.3d at

---

[5] "On appeal, several contentions are raised, including alleged errors which occurred before or in the process of admitting the allegations of the petition. This court must decide whether appellant must secure a certificate of probable cause before he may obtain appellate review of these contentions."

pages 954-955, is nothing more than a description of the context in which the appellate issue was presented.

*Joseph B.*'s second general statement, 34 Cal.3d at page 956,[6] cannot be read as literally as the words on their face would seem to allow. The sentence concludes a discussion about how Welfare and Institutions Code section 800 (including the 1978 amendment) discloses a legislative desire that a certificate of probable cause need not be filed in order to perfect an appeal from a juvenile proceeding. Because the Legislature, in enacting and amending Welfare and Institutions Code section 800, did not distinguish between appeals from contested adjudications and appeals from admissions, and because section 800 of the Welfare and Institutions Code is the only statute which deals with juvenile appeals, the court came to the conclusion expressed in the statement. At no point did the court assess the types of issues appropriate for appellate consideration after an admission; instead, the court's attention was primarily directed at the lack of distinction in section 800 of the Welfare and Institutions Code between appeals from contested proceedings and appeals from admissions.

Although the third general statement,[7] 34 Cal.3d at page 957, is a declaration of the *Joseph B.* court's holding, once again the discussion which preceded the statement did not deal with the identity of the precise issues that may be raised on appeal after an admission. Rather, it was wholly concerned with an assessment of whether the Legislature, by virtue of section 1237.5 and Welfare and Institutions Code section 800, intended that minors obtain a certificate of probable cause as a condition of appeal. The resolution of this discrete point did not require the court to decide, and nowhere in the opinion did it determine, which legal issues are in fact cognizable in a juvenile appeal and which are not.

Moreover, when read in relation to the immediately preceding discussion, the statement is not as all-encompassing as it may appear. On page 956 of the *Joseph B.* opinion (*supra*, 34 Cal..3d 952), the court noted the People's contention that the Legislature's desire to have a certificate of probable cause was manifested by the 1980 amendment to Welfare and Institutions Code section 800. This amendment made a ruling on a suppression motion under Welfare and Institutions Code section 700.1[8] reviewable on appeal

---

[6] "The Legislature's failure to mention a certificate of probable cause requirement in [Welfare and Institutions Code] section 800 evidences an intent that a notice of appeal is sufficient to initiate appellate review of any error arising during juvenile court proceedings."

[7] "The Legislature's intent is clear: a notice of appeal is sufficient to perfect appellate review of alleged errors arising before or in the process of a minor's admission of allegations in a juvenile court petition."

[8] The juvenile counterpart to section 1538.5.

"even if the judgment is predicated upon an admission of the allegation of the petition." The court rejected the People's argument, and having done so, uttered the broad pronouncement with which we are presently concerned. ■ ■■ ■■ ■ Viewed in light of the earlier discourse involving preadmission suppression motions,[9] the statement is accurate to the extent it implicitly refers to such motions.

■ We now deal with the question of whether the claimed involuntariness of a minor's confession may be raised on appeal from his or her admission of the petition. *DeVaughn* holds an adult defendant may not assert such error following a guilty plea because the voluntariness of a preplea confession is not "based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*DeVaughn, supra,* 18 Cal.3d at p. 895.) We believe the rule should also apply to juvenile appeals after an admission of all or part of the petition.

First of all, the elimination of the need for a certificate of probable cause with respect to a juvenile appeal does not compel the conclusion that the minor should be permitted to bring up *any* claim of error. No doubt section 1237.5[10] affirms that after a guilty plea, appeal is limited to reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings resulting in the plea. Yet the identity of the issues comprehended by this general concept is not of legislative creation. ■ Section 1237.5 did not and does not declare or establish the grounds upon which an appeal may be taken; rather, it relates only "to the procedure in perfecting an appeal from a judgment based on a plea of guilty." (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308]; *DeVaughn, supra,* 18 Cal.3d at p. 896.) Well before the initial enactment of section 1237.5 in 1965, it was a settled tenet of the common law that " '. . . irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed' " after judgment on a guilty plea. (*Stephens* v. *Toomey* (1959) 51

---

[9] A motion to suppress evidence as a violation of the Fourth Amendment (search and seizure) does not raise issues pertaining to the voluntariness of a confession. (*People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896, fn. 6; *People* v. *Superior Court* (*Zolnay*) (1975) 15 Cal.3d 729, 733-734 [125 Cal.Rptr. 798, 542 P.2d 1390].)

[10] Section 1237.5 provided at all relevant times, including the date when *Joseph B.* became final: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

Cal.2d 864, 870 [338 P.2d 182].) What constitutes such an "irregularity" has been and is being being developed by the courts on a case-by-case basis.[11]

 Moreover, a guilty plea by an adult is an admission of all matters essential to the conviction. (*DeVaughn, supra,* 18 Cal.3d at p. 895.) The voluntariness of a confession goes to the question of guilt and thus is removed from consideration by the guilty plea. (*DeVaughn, supra,* at pp. 895-896.) With a defendant's change of plea and acknowledgement of guilt, whether a confession is evidential becomes superfluous and, in essence, cumulative.

 A minor's admission of a juvenile court petition is analogous, for it constitutes an assent to all facts essential to a finding that the minor is a person described in section 602. We perceive no good reason why the rule of *DeVaughn* ought not apply to juvenile matters. Thus, we hold the issue of the voluntariness of a minor's confession is not cognizable on an appeal following an admission in whole or in part of the juvenile court petition.

The minor argues in the alternative that he may yet challenge on appeal his admission of voluntary manslaughter because the trial court induced the plea by leading him to believe he could raise the voluntariness of his confession in this court. While this was a successful argument in *DeVaughn,* it is factually unsupported in this case.

There is no evidence in this record that the court or any individual coaxed the minor's admission by such a tactic. Moreover, at the hearing during which the minor made his concession, the court inquired whether anyone had made any promises to him not expressly mentioned on the record. The minor replied, "No." Although he argues that the juvenile court's order granting his request for transcripts of the suppression hearing for appellate purposes induced him to enter into the deal, he fails to note he made, and the court granted, the motion two weeks *after* his admission.

## II. COMPETENCY*

· · · · · · · · · · · · · · · · · · · ·

[11] The various errors reviewable on such an appeal were to some extent catalogued in *Ribero,* and include insanity at the time of the plea, ineffective assistance of counsel, ineffective waiver of constitutional rights, and misrepresentation. (*Ribero, supra,* 4 Cal.3d at p. 63.)

* See footnote, *ante,* page 477.

## DISPOSITION

The orders appealed from are affirmed.

Ardaiz, Acting P. J., and Pettitt, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 28, 1990.

---

*Retired judge of the Superior Court sitting under assignment by the Chairperson of the Judicial Council.