Filed 1/22/14  P. v. Lobos CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048481 |
| v. | (Super. Ct. No. 09NF3157) |
| RENE ANTONIO LOBOS, | O P I N I O N |
| Defendant and Appellant. | |

\*          \*          \*

Appeal from a judgment of the Superior Court of Orange County, Richard F. Toohey, Judge.  Affirmed.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and Appellant; and Rene Antonio Lobos, in pro. per.

No appearance for Plaintiff and Respondent.

\*          \*          \*

An information charged Rene Antonio Lobos, Steven Salvador Hernandez and Jose Francisco Nuno with murder (Pen. Code §187, subd. (a); count 1; all further statutory references are to this code), and active participation in a criminal street gang (§ 186.22, subd. (a); count 2).[1] It further alleged the murder was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). At the time of these alleged crimes Lobos was 15 years old.

On April 4, 2012, the information was amended, Lobos pleaded guilty to voluntary manslaughter (§ 192, subd. (a); count 3) for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and counts 1 and 2 were dismissed, all pursuant to a disposition negotiated with the prosecutor. The trial court sentenced Lobos to the agreed term of 16 years, consisting of the 6-year midterm on count 3, plus the 10-year criminal street gang enhancement, with total credits of 1,440 days.

Lobos filed a timely notice of appeal and requested a certificate of probable cause pursuant to section 1237.5. However, his request for a certificate of probable cause was denied and Lobos did not seek review of that denial.

After Lobos appealed, we appointed counsel to represent him. Counsel filed a brief which set forth the facts and the disposition of the case. He did not argue against Lobos, but advised he had not found any issues to argue on Lobos' behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) He suggested an issue to assist us in our independent review of the record, as set out below. Lobos then filed a supplemental brief which raises additional issues also set out below. We have examined the entire record to determine if any arguable issues are present and we have found none. (*Id.* at pp. 441-442; *People v. Johnson* (1981) 123 Cal.App.3d 106, 111-112.)

---

[1] Hernandez and Nuno are not parties to this appeal.

FACTS

Paragraph 29 of the guilty plea form signed by Lobos under penalty of perjury states the following: "In Orange County, California on November 1, 2009 . . . I willfully, unlawfully aided and abetted in the killing of a human being upon a sudden quarrel or heat of passion. I engaged in this conduct for the benefit of, at the direction of, or in association of a criminal street gang, with the specific intent to promote, further or assist in criminal conduct by gang members."

Paragraph 15 of the guilty plea form states: "Appeal Waiver: I understand I have the right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5. I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."

DISCUSSION

*1. Sentence Imposed*

Appellate counsel suggests we consider whether Lobos was sentenced in accordance with his plea agreement. Because this issue implicates his sentence only and does not challenge the validity of the guilty plea itself, we may review it on appeal without a certificate of probable cause. (*People v. French* (2008) 43 Cal.4th 36, 41.) We have reviewed the entire record and determined Lobos was sentenced in accordance with his plea agreement. He got exactly what he bargained for – a term of 16 years in State Prison and total credits of 1,440 days, together with the fines, fees, restitution and other mandatory orders specified in the plea agreement.

*2. Extrajudicial Statements*

Lobos contends his statements to the police during the course of their investigation were involuntary and taken in violation of *Miranda v. Arizona* (1966)

3

384 U.S. 436.  These issues may not be reviewed on appeal following a guilty plea, with or without a certificate of probable cause.  (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896-897, fn 6; Cf. *In re John B.* (1989) 215 Cal.App.3d 477-478.)  Furthermore, Lobos expressly waived his right to appeal as noted above, those waivers were knowingly, intelligently and voluntarily made, and the scope of those waivers precludes our review of these issues on appeal.  (*People v. Panizzon* (1996) 13 Cal.4th 68-69; *People v. Vargas* (1993) 13 Cal.App.4th 1653.)

*3.  Ineffective Assistance*

Lobos also contends his trial counsel was ineffective for failing to investigate the nature of his extrajudicial statements and for not moving to exclude them.  Leaving aside the waivers, these issues may be reviewed on appeal with a certificate of probable cause.  (*In re Brown* (1973) 9 Cal.3d 679, 682-683; *People v. Natividad* (1963) 222 Cal.App.2d 438, 440-441.)  Again Lobos requested a certificate of probable cause, but that request was denied, and Lobos did not seek review of that denial.  As a result, we may not review these issues in this appeal.  (*In re Brown*, *supra*, 9 Cal.3d at p. 683.)  "To entertain such proceedings would render without legal effect the provisions of section 1237.5 and frustrate its declared purpose of eliminating from appellate channels those appeals which are clearly 'frivolous and vexatious.'"  (*Ibid*.)

*4.  Habeas Corpus*

Lobos may assert the ineffective assistance of counsel issues in a petition for writ of habeas corpus.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)  Lobos invites us to construe his supplemental brief as a petition for habeas corpus.  We exercise our discretion to decline this invitation because (a) as Lobos observes "[m]uch of the information herein is not adequately reflected in the record," (b) further evidentiary proceedings will likely be required, (c) Lobos has not first applied for habeas relief in the Superior Court, and (d) Lobos has not explained why he has not done so.  (*In re Ramirez* (2001) 89 Cal.App.4th 1312; *In re Hillery* (1962) 202 Cal.App.2d 293.)

4

In this respect our decision is without prejudice to any subsequent petition for habeas corpus which may be filed in the Superior Court.

DISPOSITION

Counsel is right – there are no issues on appeal. The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.