Filed 9/12/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.A., a Person Coming Under the Juvenile Court Law. | H049482 (Santa Clara County Super. Ct. No. 21JV45155A) |
| THE PEOPLE, Plaintiff and Respondent, v. M.A., Defendant and Appellant. | |

Under Penal Code section 29820,[1] a minor adjudged a ward of the juvenile court for certain offenses—including "an offense enumerated in Section 29805"—shall be prohibited until age 30 from possessing firearms. (§ 29820, subd. (a)(1)(G).) Under section 29805, adults convicted of certain misdemeanors are subject to a 10-year prohibition against possessing firearms. (*Id.*, subd. (a)(1).) This appeal by M.A., a minor adjudged a ward of the juvenile court for commission of a felony sexual battery, asks us to determine whether the Legislature intended that, as applied to minors, "an offense enumerated in 29805" must have been adjudicated as a misdemeanor to trigger the

---

[1] Unspecified statutory references are to the Penal Code.

firearms prohibition.  We hold that the prohibition is not so limited and affirm the

dispositional order.

## I.     BACKGROUND

The juvenile court assumed jurisdiction over M.A. upon his admission that he had

committed a felony sexual battery (§ 243.4).[2]  At the disposition hearing, by agreement of

the parties, the juvenile court adjudged M.A. a ward of the juvenile court and granted him

probation for one year.  At the recommendation of the probation officer—who noted that

sexual battery was among the offenses referenced in section 29805—and over defense

counsel's objection, the court ordered "[t]hat [M.A.] shall immediately surrender any and

all firearms in his . . . possession, custody and control and refrain from possessing,

owning, or controlling any and all firearms until his . . . 30th birthday."

## II.     DISCUSSION

M.A. argues that the firearms prohibition is not legally authorized under either

section 29805 or section 29820 for his commission of a felony sexual battery, and that the

juvenile court therefore abused its discretion in ordering it.  In M.A.'s view, he is

categorically exempt from the ban because section 29805 applies only to adult criminal

misdemeanants[3] and section 29820 therefore permits a firearms restriction for juveniles

only where the court declares the violation of section 243.4 to be a misdemeanor and not

---

[2] The facts of M.A.'s underlying offense are not material to our analysis, but we note that there is no indication in the record that the offense involved the use of firearms.

[3] M.A.'s threshold claim that the juvenile court predicated its order exclusively on section 29805, independent of section 29820, mischaracterizes the order.  The juvenile court's disposition order expressly contemplates a prohibition to age 30—consistent with section 29820—whereas the prohibition under section 29805 applicable to adult misdemeanants is limited to a period of 10 years from conviction.  (§ 29805, subd. (a)(1).)  At the disposition hearing, we understand the parties and the juvenile court to have appropriately focused on section 29805, subdivision (a)(1) because of section 29820's incorporation of that provision by reference.

2

a felony. In our independent judgment, M.A.'s construction of section 29820 is neither compelled by the provision's plain language nor consistent with the obvious purposes of the statute. We therefore conclude that he is subject to the statutory prohibition by virtue of its incorporation by reference of offenses enumerated in section 29805, whether felony or misdemeanor.

**A.**      ***Construction of the Juvenile Court's Order and the Scope of Appeal***

M.A. characterizes the firearms prohibition as a probation condition and frames his appeal as a challenge to the juvenile court's dispositional order. We note that the firearms prohibition under section 29820, like those described by sections 29800 and 29805, is self-executing and independent of the juvenile court's authority to impose conditions of probation: "A person described in subdivision (a) shall not own, or have in possession or under custody or control, a firearm until the person is 30 years of age or older." (§ 29820, subd. (b).) A juvenile is a "person described in subdivision (a)" if he or she has (1) committed one of the specified predicate offenses and (2) been subsequently adjudged a ward of the juvenile court under Welfare and Institutions Code section 602 for committing the predicate offense. Subdivision (c) of section 29820 by its plain terms provides for criminal penalties upon violation of its prohibition, whether or not a juvenile court pronounces a ward subject to the prohibition. The prohibition is a mandatory consequence of (1) the true finding as to a predicate offense and (2) the ensuing wardship disposition. (§ 29820, subd. (a).) The juvenile court's duty under section 29820 is merely the ministerial duty to "*notify* the [California Department of Justice] of persons subject to this section." (§ 29820, subd. (d), italics added.) Here, however, the court in its dispositional order (1) expressed the prohibition as an order of the court, (2) further ordered M.A. to surrender any firearms in his possession, and (3) made explicit that it was basing this order solely on the legislative mandate rather than the court's independent exercise of discretion. Thus, M.A.'s appeal turns exclusively on

3

whether, as a matter of statutory interpretation, he is subject to a firearms prohibition under section 29820.

**B.     *Principles of Statutory Construction***

We review de novo questions of statutory interpretation.  (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)  When interpreting a statute, " 'our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]' " (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)  Beginning with the plain language of the statute, "we construe the words in question in context, keeping in mind the statutes' nature and obvious purposes.  [Citation.]  We must harmonize the various parts of the enactments by considering them in the context of the statutory framework as a whole." (*People v. Cole* (2006) 38 Cal.4th 964, 975 (*Cole*).)  "If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history." (*Ibid*.)  "Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People v. Sinohui* (2002) 28 Cal.4th 205, 211 (*Sinohui).*)

**C.     *The Statutory Context***

The Legislature has codified its prohibitions on access to firearms at section 29800 et seq.  Under section 29800, a person convicted as an adult of any felony, including sexual battery (§ 243.4), shall be barred for life from possessing a firearm as a consequence of that conviction.  (§ 29800, subd. (a).)  Under section 29805, a person shall be barred for 10 years from possessing a firearm, upon conviction as an adult of a misdemeanor violation of certain specified penal statutes, including sexual battery.

In its present form, after a series of amendments that have expanded the universe of qualifying offenses, section 29805 provides:  "Except as provided in . . . subdivision

4

(a) of Section 29800, . . . any person who has been convicted of a misdemeanor violation of Section 71, 76, 136.1, 136.5, or 140, subdivision (d) of Section 148, subdivision (f) of Section 148.5, Section 171b, paragraph (1) of subdivision (a) of Section 171c, Section 171d, 186.28, 240, 241, 242, 243, 243.4, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.6, 422, 422.6, 626.9, 646.9, 830.95, 17500, 17510, 25300, 25800, 30315, or 32625, subdivision (b) or (d) of Section 26100, or Section 27510, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, Section 487 if the property taken was a firearm, or of the conduct punished in subdivision (c) of Section 27590, and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm is guilty of a public offense, punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine." (§ 29805, subd. (a)(1).)

Unlike those convicted as adults, minors are not subject to a firearms prohibition for any and every felony offense. But for those minors adjudged a ward of the juvenile court as a result of committing certain qualifying offenses, the Legislature has prohibited their possession of firearms until age 30. (§ 29820.) Qualifying offenses include "an offense *listed* in subdivision (b) of Section 707 of the Welfare and Institutions Code" (§ 29820, subd. (a)(1)(A, italics added)); "an offense *described* in Section 25850" (*id.*, subd. (a)(1)(G), italics added); and, as relevant here, "an offense *enumerated* in Section 29805" (*ibid.*, italics added)—the firearms prohibition otherwise applicable to adult misdemeanants.[4]

---

[4] Section 29820 was amended effective January 1, 2022. (Stats. 2021, ch. 537 (S.B. 73), § 5.) As part of the amendment, some parts of section 29820 were renumbered. Substantively, the subdivisions at issue here have remained the same. The

**D.** *Analysis*

M.A.'s appeal, accordingly, turns on whether the Legislature intended section 29820's incorporation by reference of offenses "*enumerated* in Section 29805" (italics added) to signify only misdemeanor violations of the penal statutes listed in section 29805, subdivision (a)(1), or all offenses identified, irrespective of their misdemeanor or felony treatment.

The plain language of section 29820, where we duly begin, does not necessarily reward a strictly textual analysis. Without a specific statutory definition of "enumerated," we may "look to the plain meaning of a word or phrase as understood by the ordinary person, which would typically be a dictionary definition." (*People v. Johnson* (2020) 50 Cal.App.5th 620, 633.) "Enumerate" is defined in Black's Law Dictionary as "[t]o count off or designate one by one; to list." (Black's Law Dictionary (11th ed. 2019).) Likewise, in the Oxford English Dictionary, the term is defined as "[t]o count, ascertain the number of; . . . to specify as in a list or catalogue." (Oxford English Dict. Online (2022) <https://www.oed.com/view/Entry/63033?rskey=sqXeRT&result=2#eid> [as of Sept. 9, 2022], archived at <http://perma.cc/        >.)

But the Legislature's apparent distinction in section 29820 between "listed," "described," and "enumerated" offenses (§ 29820, subds. (a)(1)(A) and (a)(1)(G)) requires us to give effect to that distinction, even where, as here, the dictionary definitions may not. " '[W]hen different terms are used in parts of the same statutory scheme, they are presumed to have different meanings.' " (*In re A.E.* (2019) 38 Cal.App.5th 1124, 1146.) And yet Welfare and Institutions Code section 707,

---

parties refer to the former numbering of section 29820 in their briefing on appeal, but we refer to the current version of the statute for clarity.

subdivision (b)—where section 29820, subdivision (a)(1)(A) indicates relevant offenses are "listed"—in fact enumerates 30 offenses, from "(1) Murder" through "(30) Voluntary manslaughter, as described in subdivision (a) of Section 192 . . . ." (Welf. & Inst. Code, § 707, subd. (b).) Section 29805—where section 29820, subdivision (a)(1)(G) indicates relevant offenses are "enumerated"—itself refers to " any misdemeanor offense *described* in this subdivision." (§ 29805, subd. (a)(2), italics added.) We accordingly turn to the purpose and history of the statute to determine the Legislature's intent. (*Cole*, *supra*, 38 Cal.4th at p. 975.)

" 'It is fundamental that legislation should be construed so as to harmonize its various elements without doing violence to its language or spirit.' " (*People v. Garcia* (1999) 21 Cal.4th 1, 6.) To harmonize the elements of the statutory scheme consistently with the legislative purpose, the evolution of the statutory firearms prohibitions is instructive. In amending former section 12021 to add subdivision (c), the precursor to section 29805, the Legislature expanded the class of adults disqualified from possession of firearms beyond those convicted of felony offenses to include those convicted of specified offenses which, despite their misdemeanor status, the Legislature found appropriate to treat as disqualifying. (Stats. 1990, ch. 9, § 2.) The Legislature further expanded that class to include sexual battery (§ 243.4) among the disqualifying misdemeanors, where previously sexual battery had been disqualifying only when adjudicated as a felony. (Stats. 2008, ch. 599, § 4; Legis. Counsel's Digest, Sen. Bill No. 1302 (2007-2008 Reg. Sess.).) Since then, an adult convicted of any sexual battery under section 243.4, misdemeanor or felony, is subject to a firearms prohibition of some duration, reflecting a legislative judgment as to the seriousness of the offense based on its least adjudicated elements rather than its potential maximum sentence.

Likewise, in enacting the predecessor to section 29820, the Legislature expanded the class of persons disqualified from possession of firearms from those convicted as

7

adults to minors adjudged wards of the juvenile court for committing any of a defined subset of disqualifying offenses. Initially, the Legislature included only minors "adjudged a ward of the juvenile court . . . because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code." (Former § 12021, subd. (e); Stats.1990, ch. 9, § 2.) But the Legislature within four years amended the prohibition for juveniles to include minors adjudicated as juvenile wards for offenses "enumerated" in former section 12021, subdivision (c) (the predecessor to section 29805). (Stats. 1993-1994, 1st Ex. Sess., ch. 33, § 3 [amendment "would add to the list of offenses that subject [a minor] to this prohibition"]; Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 36 (1993-1994 1st Ex. Sess.), p. 5 [accord].)

Section 29805 and section 29820, accordingly, are both statutes of inclusion, not exclusion, and have evolved unidirectionally to broaden the scope of the firearms prohibition, based specifically on the underlying, elemental character of the proliferating disqualifying offenses.[5] Read together, they define a class of persons the Legislature intended to bring within the firearms prohibition—notwithstanding their minority at the time of the offense, their duration of system involvement, and the rehabilitative purposes of juvenile wardship—based solely on the adjudicated elements of the disqualifying offenses. The language of section 29820, subdivision (b) and its reference to offenses

---

[5] Disputing any legislative intent to make offenses such as his disqualifying, M.A. focuses on more recent, nonsubstantive amendments to the statutory scheme. M.A. would have us limit our examination of the relevant history to the Legislature's approval of Senate Bill No. 1080 (2009-2010 Reg. Sess.)—replacing former section 12021 with section 29800 et seq., effective January 1, 2012—which merely reorganized different Penal Code provisions relating to firearms and other deadly weapons. (Stats. 2010, ch. 711, § 6.) M.A.'s argument overlooks all the antecedent legislative history indicating that Legislature consistently intended to *increase* the number of juvenile offenders subject to firearms restrictions—an intent that is effectuated by our interpretation of the statute.

"enumerated" in section 29805 reflects that the Legislature intended to increase the pool of juvenile offenders that are subject to firearms restrictions by including those who, like their adult counterparts, have committed certain specified offenses. To the extent the Legislature's intent in referencing section 29805 in section 29820, subdivision (b) was to more closely approximate the offense-specific restrictions imposed on adult criminal defendants, then the term "enumerated" must be interpreted as including both felony and misdemeanor violations of the statutes listed in section 29805. Such an interpretation harmonizes section 29820 with the rest of the statutory scheme.

We must also interpret the statutory language in section 29820 "so as to avoid absurd results." (*People v. Johnson* (2015) 234 Cal.App.4th 1432, 1451; *Sinohui*, *supra*, 28 Cal.4th at p. 211.) M.A. argues that interpreting section 29820 to apply only to misdemeanor violations of the offenses listed in section 29805 does not result in absurdity but creates "something of an anomaly." It is not, however, merely anomalous to exempt from the firearms prohibition only those juveniles whose violations of section 29805 offenses are deemed too serious to warrant misdemeanor treatment. Thus, the construction of section 29820 that comports with the apparent intent of the Legislature and avoids absurd results is one where section 29820's firearms restriction applies to juveniles adjudicated as wards of the juvenile court for misdemeanor *or* felony violations of the statutes that are listed in section 29805.

In his reply brief, M.A. mischaracterizes *In re David S.* (2005) 133 Cal.App.4th 1160, which interpreted the language of section 29805's predecessor, former section 12021, subdivision (c)(1), to the extent he claims that *David S.* "reject[s the Attorney General's] argument that the Legislature must have intended a firearm ban for a more serious battery." In fact, however, *David S.*, expressly declined to reach this argument. (*David S.*, *supra*, at p. 1165, fn. 4.) *David S.* instead supports a broad construction of the firearms prohibition, holding as it does that battery on a school employee under section

9

243.6, although not enumerated in former section 12021, subdivision (c)(1), nonetheless required a firearms prohibition because a contrary conclusion would "thwart the clear legislative intent that anyone convicted of [any] misdemeanor battery" be included, regardless of statutory variant. (*David S.*, at p. 1165.) In *David S.*, the reviewing court reasoned that "[r]eading [former] section 12021, subdivision (c)(1), as necessarily excluding categories of victims or sites because it omits the statutes that govern the particularized punishment for a battery involving a specific victim or site would violate that expressed intent." (*David S.*, *supra*, at p. 1166.) Accordingly, under the reasoning of *David S.*, M.A. would be subject to section 29820's prohibition because his felony sexual battery was merely a variant of the necessarily included generic misdemeanor battery. M.A. would have us rely not on the import of this holding but on a footnote in which the *David S.* court characterized former section 12021, subdivision (c)(1) as having "clear language." (*Id.* at p. 1165, fn. 4.) M.A. thus misinterprets what it is that *David S.* found clear and unambiguous—the Legislature's intent to expand the range of offenses subject to a firearms prohibition, and the inclusive approach to interpretation.

We also observe that "a statute should not be construed to violate the Constitution ' " 'if any other possible construction remains available.' " ' " (*People v. Garcia* (2017) 2 Cal.5th 792, 804.) M.A.'s construction of section 29820's firearm prohibition to apply only to juveniles who have committed certain *misdemeanor* violations while exempting from the prohibition those juveniles who have committed *felony* violations of the same statutes would appear to raise concerns over the constitutional right to equal protection under the laws. When a statute "involves neither a suspect class nor a fundamental right, it need only meet minimum equal protection standards and survive 'rational basis review.' " (*People v. Turnage* (2012) 55 Cal.4th 62, 74.) Despite the deferential nature of rational basis review, the classification "must find some footing in the realities of the subject addressed by the legislation." (*Heller v. Doe* (1993) 509 U.S. 312, 321.) We can

10

conceive of no plausible basis for treating juveniles found to have committed misdemeanor sexual battery as *more* apt to misuse a firearm before age 30 than one whose sexual battery was declared a felony.

Accordingly, we conclude that section 29820's prohibition against firearms for certain juvenile offenders applies to M.A. because he committed an offense that is "enumerated" in section 29850—a violation of section 243.4. (§ 29820, subds. (a)(1)(G) & (b).) And to the extent M.A. challenges the imposition of the prohibition as a probation condition, the prohibition against firearms is statutorily authorized and required under section 29820; thus, the juvenile court did not abuse its discretion when it imposed the restriction as a condition of M.A.'s probation. (See Welf. & Inst. Code, § 730, subd. (a); *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.)

### III.    DISPOSITION

The dispositional order is affirmed.

11

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*People v. M.A.*
H049482

Trial Court:                                Santa Clara County
                                            Superior Court No.:  21JV45155A


Trial Judge:                                The Honorable Franklin E. Bondonno


Attorney for Defendant and Appellant        Lori A. Quick
M.A.                     :                  under appointment by the Court
                                            of Appeal for Appellant


Attorneys for Plaintiff and Respondent      Rob Bonta
The People:                                 Attorney General

                                            Lance E. Winters,
                                            Chief Assistant Attorney General

                                            Charles C. Ragland,
                                            Senior Assistant Attorney General

                                            Robin Urbanski,
                                            Supervising Deputy Attorney General

                                            Genevieve Herbert,
                                            Deputy Attorney General


*People v. M.A.*
H049482